UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**TIANNA B.,**[1]

        **Plaintiff,**

v.                                    CIVIL ACTION NO.: 2:22cv392

**KILOLO KIJAKAZI,
ACTING COMMISSIONER OF THE
SOCIAL SECURITY ADMINISTRATION,**

        **Defendant.**

## FINAL ORDER

This matter comes before the court on Plaintiff's Objections to the Report and Recommendation ("R&R") of the Magistrate Judge, ECF No. 19, and Defendant's Response, ECF No. 20. For the reasons set forth below, the decision of the Acting Commissioner of the Social Security Administration is **AFFIRMED**, Defendant's Motion for Summary Judgment is **GRANTED**, and Plaintiff's Motion for Summary Judgment is **DENIED**.

## I. PROCEDURAL HISTORY

On September 16, 2022, Plaintiff filed a Complaint in this court appealing the Acting Commissioner of the Social Security

---

[1] In accordance with a committee recommendation of the Judicial Conference, Plaintiff's last name has been redacted for privacy reasons. Comm. on Ct. Admin. & Case Mgmt. Jud. Conf. U.S., Privacy Concern Regarding Social Security and Immigration Opinions 3 (2018).

Administration's decision denying her applications for Social Security Disability Insurance benefits ("DIB") and Supplemental Security Income benefits ("SSI"). ECF No. 1 at 2. On November 15, 2022, the court referred the matter to United States Magistrate Judge Robert J. Krask pursuant to 28 U.S.C. § 636(b)(1)(B), thereby designating him to "conduct hearings, including evidentiary hearings, if necessary, and to submit to [the undersigned district judge] proposed findings of fact, if applicable, and recommendations for the disposition of this matter. . . ." ECF No. 10.

In accordance with the Magistrate Judge's November 16, 2022, Order, ECF No. 11, Plaintiff submitted her Motion for Summary Judgment, ECF No. 12, an accompanying Memorandum in Support, ECF No. 13, and a Notice of Waiver of Oral Argument, ECF No. 14, on December 16, 2023. On January 17, 2023, Defendant filed a Cross Motion for Summary Judgment, ECF No. 15, and an accompanying Memorandum in Support, ECF No. 16, to which Plaintiff replied on February 7, 2023, ECF No. 17.

Pursuant to the court's Referral Order, see ECF No. 10, the Magistrate Judge filed an R&R recommending that Plaintiff's Motion for Summary Judgment be denied, and that Defendant's Motion for Summary Judgment be granted, thereby upholding the Administrative Law Judge's ("ALJ") ruling denying Plaintiff's claim for DIB and SSI, ECF No. 18 at 1-2, 18. The parties then had fourteen (14)

2

days to file written objections to the R&R. See ECF Nos. 10, 18 at 19-20. On May 10, 2023, Plaintiff filed her Objections, ECF No. 19, to which Defendant responded on May 18, 2023, ECF No. 20.

## II. DISCUSSION

In accordance with the regulations, the ALJ followed the five-step analysis to evaluate Plaintiff's claim of disability. See 20 C.F.R. §§ 404.1520(a), 416.920(a); R. 21-31;[2] see also ECF No. 18 at 11-13 (R&R summary of the ALJ's analysis). Although the ALJ determined that Defendant had not engaged in substantial gainful activity from February 29, 2020, her alleged onset date of disability, R. 23, and that she had both mental and physical impairments, id., the ALJ found that her physical impairments were non-severe, R. 23-25, and that her mental impairments failed to meet or medically equal a condition within the Social Security Administration's listing of official impairments, R. 25-26. The ALJ also found that Plaintiff had the residual functional capacity ("RFC") to perform light work, with restrictions, equating to "'simple, routine, nonproduction pace tasks' that involve rare changes to work location and procedures, as well as no mathematical skills." ECF No. 18 at 13 (quoting and citing R. 26-30). Furthermore, although the ALJ determined that Plaintiff could not perform her past relevant work as a personal care aide, R. 30, the

---

[2] Page citations are to the administrative record that Defendant previously filed with the court.

3

ALJ did find that Plaintiff could perform other jobs in the national economy, such as price marker, office helper, envelope addresser, telephone information clerk, and document preparer, R. 30-31. After conducting this analysis, the ALJ ultimately found that Plaintiff was ineligible for benefits because she was not disabled from February 29, 2020, through October 27, 2021, the date of the decision. R. 31-32.

**A.**

Plaintiff's sole objection is to the Magistrate Judge's finding that "substantial evidence support[ed] the ALJ's decision as she properly found Dr. Fielding's 2012 opinion to be 'generally unpersuasive.'" ECF No. 19 at 1. Plaintiff maintains, on the contrary, "that the ALJ's RFC determination [wa]s based on an erroneous evaluation [of] Dr. Fielding's opinion under the regulations and case law." Id.

As an initial matter, the court notes that, pursuant to Federal Rule of Civil Procedure 72(b)(3), "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Id. (emphasis added). When a party simply "restates the same arguments it raised on summary judgment, de novo review is unnecessary since such restatements do not constitute an 'objection' for the purposes of district court review." John R. v. Kijakazi, No. 2:22cv47, 2023 WL 2682358, at *1 (E.D. Va. Mar. 29, 2023) (Davis, J.) (internal

4

citation and quotation marks omitted). "In situations where no proper objection is made, the district court need only review the [R&R] for clear error." Id. (citing Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005)).

At its core, Plaintiff's Objections are simply restatements of the same arguments raised in her Motion for Summary Judgment. Compare ECF No. 13 at 9 (asserting that "the ALJ's mental RFC determination is unsupported by substantial evidence as she failed to properly evaluate the opinion of consultative examiner Dr. Fielding in accordance with regulations and caselaw"), with ECF No. 19 at 1 (asserting that the Magistrate Judge's finding should be rejected because "the ALJ's RFC determination [wa]s based on an erroneous evaluation [of] Dr. Fielding's opinion under the regulations and case law"); compare ECF No. 13 at 11-12 (asserting that the ALJ's explanation was inadequate under the new rules because it did not "articulate how [s]he considered the important factors of supportability and consistency when discussing Dr. Fielding's opinion"), with ECF No. 19 at 2-3 (asserting that the ALJ did not provide "an adequate supportability analysis" and also failed to meet her "duty to explain" the consistency factor); compare ECF No. 13 at 10 (taking issue with the ALJ's alleged "reli[ance] on the other remote opinions," but not Dr. Fielding's 2012 opinion), with ECF No. 19 at 4 (asserting that "the ALJ's reason for rejecting Dr. Fielding's opinion for being outdated but

5

accepting another outdated opinion fails to build an accurate and logical bridge from the evidence to her conclusion") (internal citation and alteration omitted). Accordingly, the court need only review for clear error, of which there is none. See Brenda L. R. v. Kijakazi, No. 3:21cv144, 2022 WL 3448039, *1 (E.D. Va. Aug. 17, 2022) (Lauck, J.) (reviewing for clear error when a plaintiff presented a "rehashing of the arguments that she raised in her motion for summary judgment" and ultimately overruling the objections after finding no clear error) (internal citation and quotation marks omitted). Therefore, the court **OVERRULES** Plaintiff's Objections on this point alone.

### B.

Nonetheless, assuming Plaintiff had made proper objections to the R&R, the undersigned district judge has made a de novo review of the record and still finds there to be no error. As the Magistrate Judge correctly stated:

> In reviewing a Social Security disability decision, the [c]ourt is limited to determining whether the Commissioner applied the proper legal standard in evaluating the evidence and whether substantial evidence in the record supports the decision to deny benefits. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It consists of more than a mere scintilla of evidence, but may be somewhat less than a preponderance. . . . [R]eversing the denial of benefits is appropriate only if either (a) the record is devoid of substantial evidence supporting the ALJ's determination, or (b) the ALJ made an error of law.

ECF No. 18 at 13-14 (internal citations, quotation marks, and

6

alteration omitted); see Jason M. H. v. Kijakazi, No. 4:22cv12, 2022 WL 18276851, at *3 (E.D. Va. Dec. 22, 2022) (Krask, J.), report and recommendation adopted, No. 4:22cv12, 2023 WL 174958 (E.D. Va. Jan. 12, 2023) (Smith, J.) (applying this same standard of review).

As noted above, Plaintiff's sole challenge is to the Magistrate Judge's determination that substantial evidence supported the ALJ's finding that Dr. Fielding's 2012 medical opinion was "generally unpersuasive." ECF No. 19 at 1. In Plaintiff's opinion, the ALJ did not provide adequate analyses regarding the supportability and consistency of Dr. Fielding's medical opinion, and instead provided a blanket statement in making her determination. Id. at 1-3. However, the record demonstrates otherwise.

As Plaintiff correctly notes, "the new regulations require an ALJ to 'articulate how [she] considered the 'supportability' and 'consistency' of each medical opinion when determining its persuasiveness." ECF No. 19 at 1-2 (citing Wesley E.P. v. Comm'r of Soc. Sec., No. 2:21cv585, 2023 WL 2602506, at *2 (E.D. Va. Mar. 22, 2023) (Hanes, J.)) "Supportability evaluates whether a medical source supports his or her opinion with 'objective medical evidence and supporting explanations,' while consistency evaluates whether 'evidence from other medical sources and nonmedical sources' also support the source's opinion." Angela U. v. Kijakazi,

7

No. 2:22cv34, 2022 WL 3207455, at *6 (E.D. Va. July 19, 2022) (Miller, J.), report and recommendation adopted, No. 2:22cv34, 2022 WL 3161896 (E.D. Va. Aug. 8, 2022) (Young, J.) (citing 20 C.F.R. §§ 404.1520c(c)(1) and (2)). The court agrees with the Magistrate Judge's assessment of the supportability factor, whereby he underscored the fact that "the ALJ acknowledged that, while the 2012 IQ testing was dated, the resulting score was 'indicative of [Plaintiff's] mental capacity.'" ECF No. 18 at 16 (quoting R. 25). This assessment demonstrates that the ALJ found Dr. Fielding's opinion to be, to an extent, supported, and consequently persuasive, because she "accepted [P]laintiff's borderline intellectual functioning and limited her" employment capabilities accordingly. Id. (citing R. 23, 26). Regarding consistency, this factor was also sufficiently evaluated by the ALJ who "referred to [P]laintiff's work history and financial records" after Dr. Fielding's examination, "discussed other medical examination notes in the record that did not align with Dr. Fielding's findings," and made reference to this analysis when explaining why Dr. Fielding's opinions were generally unpersuasive. Id. at 18-19 (citing R. 25, 29); R. 27-28.

Lastly, Plaintiff also takes issue with the ALJ's finding that Dr. Rhoad's 2014 opinion was "'fairly consistent' and afforded it 'appropriate persuasiveness.'" ECF No. 19 at 4 (citing R. 29). Plaintiff claims that the ALJ rejected Dr. Fielding's opinion, but

8

then "accept[ed] another outdated opinion." Id. However, this is simply not the case. As the Magistrate Judge noted, "the ALJ found that all three opinions were dated and 'generally unpersuasive.'" ECF No. 18 at 17 (citing R. 29). Moreover, the ALJ was well within her discretion to consider the fact that Dr. Fielding's examination took place over seven (7) years before Plaintiff's alleged onset date of disability, as well as the remoteness of other dated medical opinions. See R. 25, 29; ECF No. 18 at 15-16; see also Rashard J. v. Saul, No. 4:19cv123, 2020 WL 8835643, at *7-8 (E.D. Va. Dec. 10, 2020) (Miller, J.), report and recommendation adopted, 2021 WL 935505 (E.D. Va. Mar. 10, 2021) (Jackson, J.); Gullace v. Astrue, No. 1:11cv755, 2012 WL 691554, at *24 (E.D. Va. Feb. 13, 2022), report and recommendation adopted, 2012 WL 688488 (E.D. Va. Mar. 2, 2012) (Ellis, J.).

For these reasons, based on the court's de novo review of the record, the court agrees with the Magistrate Judge's conclusion that "[t]he ALJ adequately articulated the grounds for finding Dr. Fielding's opinion unpersuasive by explaining that it was of limited utility due to its dated nature and inconsistent[cy] with more recent medical and non-medical records." ECF No. 18 at 17 (citing R. 25, 29). The ALJ was not required to use the words "supportability" or "consistency" in her decision, and, importantly, she built for the court "an accurate and logical bridge from the evidence to [her] conclusion[]," Todd A. v.

9

Kijakazi, No. 3:20cv594, 2021 WL 5348668, at *2, *4 (E.D. Va. Nov. 16, 2021) (Novak, J.), which was "well-supported by the medical and non-medical records in this case," ECF No. 18 at 18.

### III. CONCLUSION

For the reasons stated above, having reviewed the record in its entirety, the court hereby **OVERRULES** Plaintiff's Objections to the R&R, ECF No. 19, and **ADOPTS AND APPROVES IN FULL** the findings and recommendations set forth in the Magistrate Judge's thorough and well-reasoned R&R, filed on April 26, 2023, ECF No. 18. Accordingly, Plaintiff's Motion for Summary Judgment is **DENIED**, ECF No. 12, and Defendant's Motion for Summary Judgment is **GRANTED**, ECF No. 15. The decision of the Acting Commissioner is **AFFIRMED**, and this matter is **DISMISSED WITH PREJUDICE**.

The Clerk is **DIRECTED** to enter judgment in favor of Defendant and close the case on this court's docket. The Clerk is further **DIRECTED** to send a copy of this Final Order to counsel for all parties.

**IT IS SO ORDERED.**

/s/
Rebecca Beach Smith
Senior United States District Judge

REBECCA BEACH SMITH
SENIOR UNITED STATES DISTRICT JUDGE

May 31, 2023